**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HOWARD COHAN,

    Plaintiff,

v.

MGM HOSPITALITY, INC., a Michigan corporation,

    Defendant.

Case No. 2:20-cv-10981

Hon.

/

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Howard Cohan, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by MGM Hospitality, Inc. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2.    Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**PARTIES**

1

3. Plaintiff is a resident of Palm Beach County, Florida.

4. Defendant is a Michigan corporation with its registered office located at 37714 West 6 Mile Rd, Unit #B10, Livonia, MI 48152.

5. Upon information and belief, Defendant owns or operates "Grand Tavern" whose locations qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous disabilities, including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion, a labral tear of the left shoulder, a full thickness right rotor cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb.

8. At the time of Plaintiff's initial visit to Grand Tavern (and prior to instituting this action), Plaintiff suffered from a qualified disability under the 28 C.F.R. 36.105.

9. Plaintiff's condition is degenerative and requires occasional use of mobility aids to assist his movement.

10. Plaintiff regularly travels to Michigan to visit friends and shop, and has plans to return to Michigan between August 11 and 13, 2020.

11. When Plaintiff visits Michigan, he spends time in the Metro Detroit Area (particularly the areas in or near southern Oakland County) to take advantage of the numerous hotels, restaurants, and stores in the area.

12. Plaintiff likes dining at the Facility due to its close proximity to hotels Plaintiff stays at when traveling to the area and shopping.

13. Plaintiff encountered barriers to access at the Facility on two separate visits that denied him full and equal access and enjoyment of the services, goods and amenities.

14. Plaintiff is a customer of Defendant and would return to the Facility in August if Defendant modifies the Facility and its policies and practices to accommodate individuals who have physical disabilities, but he is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

15. Plaintiff also acts as a tester by inspecting Facilities for accessibility to advance the purpose of the ADA, the civil rights of disabled individuals, and to be certain that he can enjoy the same options and privileges to patronize places of

public accommodation as non-disabled individuals without worrying about accessibility issues.

16. Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

17. Plaintiff incorporates the above paragraphs by reference.

18. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

19. Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

20. Plaintiff incorporates the above paragraphs by reference.

21. Grand Tavern is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a restaurant. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

22. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

23. The Department of Justice has published regulations that adopted the 2010 ADA Standards for Accessible Design (the "Standards") that set the minimum requirements for public accommodations to be accessible and free of architectural barriers.

24. Architectural barriers exist which denied Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

25. Plaintiff personally encountered architectural barriers on March 23, 2018, and again on May 21, 2019, at the Facility located at 37714 Six Mile Rd, Livonia, MI 48152:

   a. Restroom:

      i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

ii. Not providing operable parts that are functional or are in the proper reach ranges as required by sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards

iii. Providing sinks and/or countertops that are greater than the 34 inch maximum allowed above the finished floor or ground as required by sections 606 and 606.3 of the Standards.

iv. Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

v. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

vi. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

vii. Not providing soap dispenser at the correct height above the finished floor as required by sections 606, 606.1 and 308 of the Standards.

      viii. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

b. Bar:

      i. Not providing counter heights at the proper height as required by sections 904, 904.4, 904.4.1, 904.4.2, 305 and 306 of the Standards.

      ii. Not providing accessible seating as required by sections 902, 902.1, 902.2, 902.3, 305, 306 of the Standards, or section 4.32.4 of the 1991 Standards.

      iii. Providing seating at a bar or adjacent table that exceeds a height of 34 inches in the bar area as required by sections 902, 902.1, 902.3 of the Standards.

      iv. Not providing seating that has the correct clear floor space for forward approach as required by sections 902, 902.2, 305 and 306 of the Standards.

      v. Providing pathways and surfaces that are too steep that include changes in levels greater than 0.5 inches as required by sections

     206, 206.1, 206.2, 206.2.2, 303, 303.4, 403.3 of the Standards,

     or sections 4.3.8 and 4.8.5 of the 1991 Standards.

  c. Restaurant Seating:

    i. Not providing seating that has the correct clear floor space for forward approach as required by sections 902, 902.2, 305 and 306 of the Standards.

    ii. Not providing a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink as required by sections 226, 226.1, 902, 305 and 306 of the Standards.

26. These barriers cause Plaintiff difficulty in safely using each element of the Facility, requiring extra care due to concerns for safety and a fear of aggravating his injuries.

27. Upon information and belief, Defendant has failed to remove some or all of the barriers and violations at the Facility.

28. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

29. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

30. Defendant has discriminated and continues to discriminate against Plaintiff (and others who are similarly situated) by denying access to full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations located at the Facility due to the barriers and other violations listed in this Complaint.

31. It would be readily achievable for Defendant to remove all of the barriers at the Facility.

32. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

## RELIEF REQUESTED

WHEREFORE, plaintiff respectfully requests that this Court:

A. declare that the Facility identified in this Complaint is in violation of the ADA;

B. enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

D. award plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

E. grant any other such relief as the Court deems just and proper.

Respectfully Submitted,

BLACKMORE LAW PLC

/s/ Angela C. Spears

Angela C. Spears (P82653)
Blackmore Law PLC
21411 Civic Center Drive, Suite 200
Southfield, MI 48076
T: (248) 845-8594
F: (855) 744-4419
E: aspears@blackmorelawplc.com
*Counsel for Plaintiff*

Dated: April 21, 2020