UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD COHAN,

      Plaintiff,

v.

MGM HOSPITALITY, INC.,
a Michigan corporation,

      Defendant.

Case No. 2:20-cv-10981

Hon. Nancy G. Edmunds

Magistrate Anthony P. Patti

---

## **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, MGM Hospitality, INC., by and through its attorneys, GARAN LUCOW MILLER, P.C., moves to dismiss Plaintiff Howard Cohan's Complaint pursuant to Federal Rule of Civil Procedure 12(c) and 12(h)(3) on the ground that Plaintiff fails to allege sufficient facts giving rise to Article III standing to bring claims challenging wheelchair accessibility at the Defendant's premises under the Americans With Disabilities Act. Defendant further relies upon the authority set forth in the Brief in Support of its Motion to Dismiss.

In accordance with Local Rule 7.1(a), there was a conference between the attorneys for Plaintiff and Defendant on January 22, 2021 and January

26, 2021 in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

      WHEREFORE, Defendant respectfully requests that this Honorable Court grant its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(c) and 12(h)(3) and enter an order dismissing Plaintiff's claims with prejudice.

                Respectfully submitted,

                GARAN LUCOW MILLER, P.C.

                /s/Courtney A. Krause
                Courtney A. Krause (P70581)
                Attorney for Defendant
                1155 Brewery Park Blvd. Ste 200
                Detroit   MI   48207
                (313) 446-5522
                ckrause@garanlucow.com

Dated: February 4, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD COHAN,

     Plaintiff,

v.

MGM HOSPITALITY, INC.,
a Michigan corporation,

     Defendant.

Case No. 2:20-cv-10981

Hon. Nancy G. Edmunds

Magistrate Anthony P. Patti

---

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
<u>PLAINTIFF HOWARD COHAN'S COMPLAINT</u>**

# **TABLE OF CONTENTS**

INTRODUCTION…………………………………………………………………4

STATEMENT OF ISSUES PRESENTED………………………………..…….ii

TABLE OF AUTHORITIES………………………………………….……..…iii

CONTROLLING AUTHORITY…………………………………..…..…........vi

FACTS AND PROCEDURAL HISTORY……….…………………..……..……6

STANDARD OF REVIEW……………………………………...……..……10

ARGUMENT……………………………………….……..……………………12

    I.  Plaintiff's complaint should be dismissed when Plaintiff lacks standing…………………………………………………………………...14

        a.  Plaintiff's Complaint does not allege injury in fact fairly traceable to Defendant's conduct……………….…………………….…..15

        b.  Plaintiff cannot establish that there is a reasonable likelihood that he will return to the Defendant's business…..………….....21

REQUESTED RELIEF AND CONCLUSION……………….....………..…23

i

## STATEMENT OF QUESTION PRESENTED

Should Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction because (1) it asserts conclusory allegations and fails to allege sufficient facts demonstrating that Plaintiff suffered concrete, particularized, and actual or imminent injury; and (2) it does not allege sufficient facts demonstrating an intent to return to the premises.

Defendant answers, "Yes."

<u>**TABLE OF AUTHORITIES**</u>

**CASES**

*Ashcroft v Iqbal,* 556 U.S. 662, 678 (2009)……………………………………..**12**

*Bell Atl. Corp. v Twombly,* 550 U.S. 544, 570 (2007)……………………….**12**

*Carroll v Abide,* 788 F.3d 502, 504 (5th Cir. 2015)…………………....…..**11**

*Central States Southeast and Southwest Areas Health and Welfare Fund v*
    *Merck-Medco Managed Care, L.L.C.,* 433 F.3d 181, 199 (2nd Cir.
    2005)………………………………………………………………..…..**14**

*Chapman v Pier1 Imports (U.S.) Inc.,*
    631 F.3d 939, 946 (9th Cir. 2011)………………………….…**13**, **14**, **17**

*City of Los Angeles v Lyons,* 461 U.S. 95, 105, 103 S.Ct. 1660,
    75 L.Ed.2d 675 (1983)……..…………………………..…………..**15**, **21**

*Cohan v California Pizza Kitchen, Inc.,*
    Eastern District of Michigan Case No. 18-cv-12080, 2019 WL
    4189482, (E.D.Mich. Sept. 4, 2019)………………………...**4**, **9**, **19**, **20**

*Cohan v Caribbean Dunes Owners Association, Inc.,* Case No. 3:14-cv-
    00538-MCR-EMT, (N.D. Fla.)…………………………………………....**9**

*Cohan v TMBC, LLC,* Case No. 18-1072-BAJ-EWD,
    2019 WL 2169185 (M.D.La May 17, 2019)……………….………**22**

*Gates v Black Hills Health Care Sys. (BHHCS),*
    997 F.Supp.2d 1024, 1029 (D.S.D. 2014)…………………....……**10**

*Gentek Bldg. Prods. Inc v Sherwin-Williams Co.,* 491 F.3d 320, 330
    (6th Cir. 2007)………………………………………………………**11**

*Kennedy v Solano,* 735 F.Appx 653, 655-56 (11th Cir. 2018)………....…..**22**

*Lujan v Defenders of Wildlife,* 504 U.S. 555, 560,
    112 S. Ct. 2130, 119 L.Ed.2d 351 (1992)……....**12**, **14**, **15**, **16**, **18**, **21**

*Molski v Kahn Winery,* 405 F.Supp.2d 1160, 1163-64 (C.D.Cal. 2005)…..**21**

*New v Luckly Brand Dungarees Stores, Inc.,*
    51 F.Supp.3d 1284, 1285 (S.D.Fla. 2014)……………………..……..**21**

*O'Shea v Littleton,* 414 US 488, 494, 94 S Ct. 669, 38 Led 2d 674
    (1974)……………………………………………………………………...**15**

*Pickern v Holiday Quality Foods, Inc.,* 293 F.3d 1133, 1138
    (9th Cir. 2002)…...............................................................................**21**

*Rogers v Stratton Indus., Inc.,* 798 F.2 913, 915 (6th Cir. 1986)………..…**12**

*Ross v City of Gatlinburg TN,* 327 F.Supp.2d 834, 841-842
     (E.D.Tenn. 2003)………………………………………………………..**15**

*Shotz v Cates,* 256 F.3d 1077, 1081 (11th Cir. 2001)………………..…..**21**

*Sierra Club v Morton,* 405 U.S. 727, 740, 92 S.Ct. 1361,
    31 L.Ed.2d 636 (1972)……………………………………………..**16**

*Spokeo v Robins,*136 S.Ct. 1540, 194 L.Ed.2d 635 (2016)……..…**5**, **15**, **16**

*Steel Co. v Citizens for Better Environment,* 523 U.S. 83, 103 (1998)……**15**

*Strojnik v BW RRI II, LLC,* No. 20-cv-03142-AGT, 2020 WL 5210897
    (N.D.Cal. Sept. 1, 2020)……………………………………….…**22, 23**

*Strojnik v Village 1017 Coronado, Inc.,* Case No. 19-cv-02210-BAS-MSB,
    2020 WL 3250608 (S.D. Cal. June 16, 2020)…………………………**19**

*United States v Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994)…………..……..**11**

RULES AND STATUTES

FRCP 12…………… ……………………………...…….……….......…...**1, 5, 10**, **11**

42 U.S.C. §§12181 et seq…………………………………...……………..….**4, 13**

28 CFR Part 36……………………………………………………………..….**4, 8**

SECONDARY SOURCES

5 Charles A. Wright & Arthur R. Miller,
      Federal Practice and Procedure, § 1350 (3d ed.2004)…………..…**11**

<u>CONTROLLING AUTHORITY</u>

Defendant relies upon Federal Rule of Civil Procedure 12(c) and 12(h)(3) in addition to the statutes and case law set forth in the following brief as the controlling authority in support of its Motion to Dismiss.

**INTRODUCTION**

Plaintiff Howard Cohan filed the instant action in the Eastern District of
Michigan on April 21, 2020, one of two thousand, three hundred and ninety
(2,390) lawsuits Plaintiff has filed in federal courts across the County to date[1]
alleging discrimination as the result of alleged barriers to wheelchair
accessibility in violation of Title III of the Americans with Disabilities Act
("ADA") of 1990, 42 U.S.C. §§12181 et seq. and its implementing regulation,
28 C.F.R. Part 36. (ECF No. 1 at PageID 1).  However, Plaintiff does not
have standing to advance his claims under the ADA when: (1) Plaintiff cannot
establish injury in fact as a result of Defendant's alleged failure to comply
with ADA guidelines governing wheelchair accessibility when Plaintiff does
not use a wheelchair, and (2) Plaintiff cannot show that there is a likelihood
of future injury when Plaintiff is a Florida resident and does not assert any
concrete plans to return to Defendant's restaurant in Livonia, Michigan in the
future. This finding is consistent with this Court's 2019 decision in *Howard
Cohan v California Pizza Kitchen, Inc.,* Eastern District of Michigan Case No.
18-cv-12080. In an opinion and order granting the Defendant's Motion to

---

[1] *See* https://pcl.uscourts.gov/pcl/index.jsf (nationwide search for civil cases filed under the
Americans with Disabilities Act (non-employment related) identifying Howard Cohan as the
Plaintiff as of January 27, 2021). Matters of public record may be considered by the Court in
ruling on a motion to dismiss. *Commercial Money Ctr., Inc. v Ill. Union Ins. Co.,* 508 F.3d 327,
336 (6th Cirl. 2007).

4

Dismiss concerning another ADA Complaint filed by Howard Cohan, the Honorable Victoria A. Roberts found that Plaintiff lacked standing to bring a disability discrimination claim related to alleged architectural barriers when Plaintiff did not use a wheelchair, and did not allege in his Complaint that he required the use of a wheelchair at the time of his visit to the Defendant's premises. The instant action involves a Complaint nearly identical to the Complaint filed by Plaintiff in Case No. 18-cv-12080, and the same disposition is warranted.

There is no case or controversy as contemplated in the United States Constitution to allow Plaintiff to proceed with this action. Plaintiff's Complaint is completely devoid of any facts supporting a finding that Plaintiff personally encountered any barrier that is related to Plaintiff's disability, or that the alleged barriers to wheelchair accessibility deprived Plaintiff himself of full and equal access to the Defendant's goods and services. As a result, Plaintiff's Complaint does not contain the facts necessary to establish that Plaintiff suffered an injury-in-fact traceable to the Defendant's conduct necessary to support standing. See, *Spokeo v Robins,* ____ U.S. ____136 S.Ct. 1540, 194 L.Ed.2d 635 (2016).  Defendant requests that this Court grant its motion to dismiss, dismissing this action pursuant to Federal Rule of Civil Procedure 12(c) and (h)(3).

5

## **FACTS**

Plaintiff alleges that he is a resident of Palm Beach, Florida, yet traveled 1,320 miles from Palm Beach to the Defendant's Grand Tavern restaurant at 37714 West 6 Mile Road in Livonia on March 23, 2018 and May 21, 2019. (ECF No. 1 at PageID 2, 5, ¶¶ 3-5, 25). According to Eastern District of Michigan electronic filing records, on March 23, 2018, Plaintiff also visited LVJ, Inc., d/b/a Leo's Coney Island (Case No. 20-10981); CVS (Case No. 18-13398); Laurel Park Mall (Case No. 18-13397); Macaroni Grill (Case No. 18-12087); Courtyard by Marriott (Case No. 18-13394); Town Place Suites (Case No. 18-13396), and the Residence Inn (Case No. 19-10793.) During the week of March 20, 2018 alone, Plaintiff visited at least seventeen additional southeastern Michigan businesses that became the target of lawsuits, including California Pizza Kitchen (Case No. 18-12080); Best Buy (Case No. 18-11641); Aldi's (Case No. 18-12078); At Home Store (Case No. 18-12079); REI (Case No. 18-12086); Red Lobster (Case No. 18-12085); Deluth Holdings (Case No. 18-12084); Dick's Sporting Goods (Case No. 18-12081); Genji Novi (Case No. 19-10786); Olive Garden (Case No. 19-10787); Bob Evans (Case No. 19-10788); Twelve Oaks Mall (Case No. 19-10789); Staybridge Suites (Case No. 19-10790); Renaissance Novi/Hotel Baronette (Case No. 19-10794); Novi Sheraton Case No. 19-10792);

6

Bonefish Grill (Case No. 19-11031); and Four Points Sheraton (Case No. 19-11892). In total, over the course of four days, Plaintiff allegedly patronized nine retail establishments, seven hotels, and seven restaurants. The number of businesses that Plaintiff has visited over such a short time period suggests that Plaintiff is only visiting businesses for the purpose of advancing litigation, not to dine or otherwise enjoy services, goods and amenities. (ECF No. 1 at Page ID 3, ¶12).

During each of these visits, including his visit to Defendant's Grand Tavern restaurant, Plaintiff claims that he "personally encountered architectural barriers" to wheelchair accessibility and "[t]hese barriers cause Plaintiff difficulty in safely using each element of the Facility, requiring extra care due to concerns for safety and a fear of aggravating his injuries." (ECF No. 1 at Page ID 3, 8, ¶¶ 13, 26). These alleged barriers include (1) improper opening pressure on the "gate or door," maneuvering clearances at the entrance of Defendant's premises and failure to provide "operable parts"; (2) improperly positioned water closet, grab bars, countertops, toilet paper dispensers, and soap dispensers; (3) improper counter heights in the bar; not providing accessible seating in the bar; providing pathways that are too steep; and providing seating with the incorrect clear floor space for forward approach; (ECF No. 1 at Page ID 5-8, ¶ 25). Plaintiff alleges that the

7

aforementioned architectural barriers constitute a violation of the 2010 ADA Standards for Accessible Design, although Plaintiff does not allege any facts tending to support his conclusion that the 2010 Standards apply to Defendant's restaurant.[2] (ECF No. 1 at Page ID 5, ¶ 23).

While the complaint alleges that Plaintiff "suffered from a qualified disability," the extent of Plaintiff's physical limitations attributed to this disability is not clear. (ECF No. 1 at Page ID 2, ¶ 8). For example, despite challenging the wheelchair accessibility of Defendant's restaurant, there is no allegation in Plaintiff's Complaint that Plaintiff required the use of a wheelchair at the time of his visit to Defendant's premises, and Plaintiff has previously admitted in sworn deposition testimony taken in another suit that he does not require the use of a wheelchair:

> Q:     All right. Have you ever had to be in a wheelchair at
>
>         all?
>
> A:     Other than surgeries, no.
>
> Q:     You don't have any sort of wheelchair or cart or
>
>         anything like that for your daily living, correct?
>
> A:     No.

---

[2] Public accommodations that were newly constructed or altered after January 26, 1993, but before September 15, 2010, need only comply with the 1991 Standards. 28 C.F.R. § 36.406(a) app.

8

(**Ex. A**- Deposition Transcript 15:9-14, *Cohan v Caribbean Dunes Owners Association, Inc.,* Case No. 3:14-cv-00538-MCR-EMT, (N.D. Fla.)]. See also, *Cohan v California Pizza Kitchen, Inc.,* No. 18-cv-12080, 2019 WL 4189482, *3 (E.D.Mich. Sept. 4, 2019) (noting that "Cohan concedes he does not use a wheelchair and was not using one when he visited CPK" and "the barriers identified in the complaint would only impact access to a disabled person in a wheelchair…"). (Attached as **Ex. B**).  Instead, Plaintiff refers to himself as an individual with a disability due to spine, knee, and shoulder issues, and arthritis in his left thumb. (ECF No. 1 at Page ID 2, § 7). Plaintiff relies solely on conclusory allegations, and does not state any facts describing how these alleged barriers in the complaint limited his access to the Defendant's premises. This pleading deficiency is dispositive to the instant action because the alleged barriers to accessibility that Plaintiff supposedly encountered on the Defendant's premises, assuming they exist, would only impair the accessibility of the space to someone in a wheelchair. Indeed, the Plaintiff's Complaint is absolutely devoid of any factual support for a finding that *Plaintiff himself* encountered barriers at Defendant's facility, or tending to suggest that Plaintiff himself was denied "full and equal access to the goods and serves Defendant offers to non-disabled individuals." (ECF No. 1 at PageID 8, ¶ 28).

9

The allegations in the Plaintiff's Complaint are also insufficient to establish the likelihood of future harm. Although Plaintiff lives 1,300 miles away, Plaintiff includes a conclusory statement in this complaint that he "would return to the Facility….but he is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the facility." (ECF No. 1 at PageID 3, ¶ 14). Plaintiff otherwise does not state that he has concrete plans to travel to Defendant's Grand Tavern restaurant in Livonia for reasons unrelated to this litigation. (ECF No. 1 at PageID 4, ¶16). Such allegations are insufficient to establish standing to asset a claim for disability discrimination under the Americans with Disabilities Act

## **STANDARD OF REVIEW**

Defendant brings the current motion pursuant to Federal Rule of Civil Procedure 12(c) and 12(h)(3). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). A Rule 12(h)(3) motion to dismiss is analyzed under the same standards as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Gates v Black Hills Health Care Sys. (BHHCS),* 997 F.Supp.2d 1024, 1029 (D.S.D. 2014). A Rule 12(h)(3) motion differs from a Rule 12(b)(1) motion only in that it can be brought at any time, by any party or

10

interested individual, or considered *sua sponte* by the court. 5B Charles Ann Wright et al., Federal Practice & Procedure § 1350 (3d ed.). In determining its jurisdiction, the Court may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Carroll v Abide,* 788 F.3d 502, 504 (5th Cir. 2015)(citation omitted).

The Sixth Circuit recognizes two types of motions to dismiss for lack of standing pursuant to Rule 12(b)(1): a facial attack and a factual attack. *United States v Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). A factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, whereas in a facial attack the court examines whether the complaint has sufficiently alleged subject matter jurisdiction. *Gentek Bldg. Prods. Inc. v Sherwin-Williams Co.,* 491 F.3d 320, 330 (6th Cir. 2007). In a factual challenge to subject matter jurisdiction, no "presumptive truthfulness" applies to the allegations, and the Court may consider extrinsic evidence such as deposition testimony and "has wide discretion" to resolve jurisdictional facts, including conducting a limited evidentiary hearing. *Id.*

For both a facial and factual motion to dismiss, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Rogers v Stratton Indus., Inc.,* 798 F.2 913, 915 (6th Cir. 1986) (emphasis omitted). Furthermore, the factual allegations in a Plaintiff's complaint "must state a claim to relief that is plausible on its face." *Bell Atl. Corp. v Twombly,* 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet…is inapplicable to legal conclusions." *Ashcroft v Iqbal,* 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly,* 550 U.S. at 555.

Defendant MGM Hospitality, Inc. is requesting that the Court consider a factual challenge to jurisdiction because the allegations in Plaintiff's Complaint fail to (1) adequately allege an injury-in-fact as required to confer Plaintiff standing under Article III; and (2) adequately allege standing to seek injunctive relief, the only remedy available to Plaintiff under the ADA. (ECF No. 1 at PageID 4).

## **ARGUMENT**

Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation. *Lujan v Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). Title III of the ADA authorizes injunctive relief but not money

12

damages for past harms. 42 U.S.C. § 12188(a). Discrimination under Title III includes: "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities;" "a failure to design and construct facilities…that are readily accessible to and usable by individuals with disabilities;" and "a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities." 42 U.S.C. §§ 12182(b)(2)(A)(iv), 12183(a). The statutory language suggests that injunctive relief under Title III of the ADA is available to "any person who is being subjected to discrimination on the basis of disability" or who has "reasonable grounds for believing that such person is about to be subjected to discrimination." 42 U.S.C. § 12188(a)(1). By employing the phrases 'is being subjected to' and 'is about to be subjected to,' the statute makes clear that only those individuals with disabilities that are personally impacted by an alleged architectural barrier may pursue available remedies under the ADA. "[A]n ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact-coupled with an intent to return to a noncompliant facility." *Chapman v Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 944 (9th Cir. 2011).

13

There is no dispute in this action that Defendant owns and operates MGM Hospitality, Inc., doing business as The Grand Tavern, a place of public accommodation. What remains in dispute is whether an individual that did not rely upon a wheelchair at the time of his alleged visit to the Defendant's premises, with no concrete plans to return in the future, has established the requisite injury-in-fact to enforce guidelines governing wheelchair accessibility under the ADA.

## I.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WHEN THE PLAINTIFF LACKS STANDING.

Standing is an Article III principle: without standing, a federal court cannot exercise jurisdiction because there is no case or controversy. *Lujan v Defenders of Wildlife,* 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992). If a Plaintiff lacks Article III standing, a court has no subject matter jurisdiction to hear the claim. *Central States Southeast and Southwest Areas Health and Welfare Fund v Merck-Medco Managed Care, L.L.C.,* 433 F.3d 181, 199 (2nd Cir. 2005). Thus, challenges to the court's subject matter jurisdiction must be addressed before any other issues. "[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v Pier1 Imports (U.S.) Inc.,* 631 F.3d at 946 (9th Cir. 2011)(en banc). Plaintiff

14

is required to establish a personal stake in the dispute which means the alleged injury must affect the plaintiff in a personal and individual way. *Ross v City of Gatlinburg TN,* 327 F.Supp.2d 834, 841-842 (E.D.Tenn. 2003). In other words, the party invoking federal jurisdiction must show that he has personally suffered from an actual injury or is in immediate danger of sustaining such an injury in fact as a result of the allegedly illegal conduct of the defendant. *Lujan, supra* at 560-61; *O'Shea v Littleton,* 414 US 488, 494, 94 S Ct. 669, 38 Led 2d 674 (1974). When a party asks for injunctive relief, standing depends on whether the plaintiff is likely to be injured by the same allegedly offending conduct in the future. *City of Los Angeles v Lyons,* 461 U.S. 95, 105, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

To establish standing, Plaintiff must "clearly allege" sufficient facts to satisfy three elements: (1) he suffered an injury-in-fact, (2) that is fairly traceable to the Defendant's conduct, and (3) that is likely to be redressed by a favorable decision. *Spokeo v Robins,* 136 S.Ct. 1540, 1548 (2016) (quoting *Lujan,* 504 U.S. at 560). Plaintiff has failed to alleged sufficient facts to establish an injury in fact fairly traceable to the Defendant in this action.

## A. Plaintiff's Complaint does not allege injury in fact fairly traceable to the Defendant's conduct to establish standing.

Injury-in-fact is the "first and foremost" of the elements Plaintiff must satisfy to establish standing. *Steel Co. v Citizens for Better Environment,* 523

15

U.S. 83, 103 (1998). In order to demonstrate an injury in fact, Plaintiff must set forth sufficient facts to support a finding that he "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo,* 136 S. Ct. at 1548 (quoting *Lujan,* 504 U.S. at 560). Not only must Plaintiff's injury be "real," but it also must affect him in some "personal and individual way." *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130 n. 1. Therefore, "a party seeking review must allege facts showing that he is himself adversely affected." *Sierra Club v Morton,* 405 U.S. 727, 740, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).

Plaintiff Howard Cohan's Complaint alleges that "*he personally encountered*" architectural barriers to accessibility on the Defendant's premises on March 23, 2018 and May 21, 2019, but does not state how these alleged barriers personally affected his disability, if at all. (ECF No. 1 at PageID 3, ¶ 13). Plaintiff states:

- Architectural barriers exist which denied Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals. (ECF No. 1 at PageID 5, ¶ 24).

- Plaintiff personally encountered architectural barriers on March 23, 2018, and again on May 21, 2019, at the Facility located at 37714 Six Mile Rd., Livonia, MI 48152. (ECF No. 1 at PageID 5, ¶ 25).

16

- These barriers cause Plaintiff difficulty in safely using each element of the Facility, requiring extra care due to concerns for safety and a fear of aggravating his injuries. (ECF No. 1 at PageID 8, ¶ 26).

- Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).  (ECF No. 1 at PageID 8, ¶ 28).

- Defendant has discriminated and continues to discriminate against Plaintiff (and others who are similarly situated) by denying access to full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations located at the Facility due to the barriers and other violations listed in this Complaint. (ECF No. 1 at PageID 9, ¶ 30).

Although Plaintiff may have "encountered" an alleged barrier, this allegation alone is insufficient to establish standing. As stated by the Ninth Circuit in *Chapman v Pier1 Imports*, once a disabled Plaintiff has encountered a barrier violating the ADA, "that Plaintiff will have a 'personal stake in the outcome of the controversy' so long as this or her suit is limited to barriers related to that person's particular disability." *Chapman,* 631 F.3d at 947 (emphasis added). This requirement is consistent with Article III's requirement that a plaintiff's injury be "concrete and particularized," "actual

17

or imminent," and not "hypothetical," that that it "affect the plaintiff in a personal and individual way." *Lujan,* 504 U.S. at 561 & n.1, 112 S.Ct. 2130.

In conflict with this mandate, Plaintiff does not cite any specific facts detailing how the alleged barriers on Defendant's premises caused him safety concerns, unnecessary pain, impacted Plaintiff's ability to ambulate throughout the facility, or take advantage of goods and services. This issue is dispositive to the Court's analysis on standing because Plaintiff cites 2010 ADA Standards of Accessible Design in his complaint that pertain to wheelchair accessibility intended to ensure that wheelchair bound individuals have equal access to public accommodations. Plaintiff does not allege in his complaint that he uses a wheelchair, or was dependent upon the use of a wheelchair for accessibility at the time he visited the Defendant's premises. On the contrary, Plaintiff testified in a similar case that he did not require the use of a wheelchair. (**Ex. A**). While Plaintiff's Complaint alleges that Plaintiff requires the occasional use of mobility aids, he has not alleged that he used a mobility aid when he visited the Defendant's premises or would likely need to on a future visit. (ECF No. 1 at PageID 3, ¶ 9). Since the alleged barriers on the Defendant's premises would only compromise the accessibility of the space to someone in a wheelchair, and not someone like the Plaintiff that is able to ambulate without a wheelchair, Plaintiff has not pled sufficient facts

18

to show injury-in-fact. *See Strojnik v Village 1017 Coronado, Inc.,* Case No. 19-cv-02210-BAS-MSB, 2020 WL 3250608 (S.D. Cal. June 16, 2020) (serial Plaintiff did not have standing to advance ADA claims when he did not allege that he requires the assistance of a wheelchair or that he required the assistance of a wheelchair at the time of his visit to Defendant's hotel) (**Ex. C**).

The above analysis is consistent with the findings of this Court in a nearly identical suit filed by Plaintiff against California Pizza Kitchen after Plaintiff allegedly visited this restaurant the same week that he patronized the Defendant's premises. (**Ex. B**- *Cohen v California Pizza Kitchen,* Case No. 18-cv-12080-VAR, 2019 WL 4189482 (E.D.Mich. Sept. 4, 2019).  In an Amended Complaint, Plaintiff alleged that he is a person with a disability due to spine, knee, thumb and shoulder issues, and that he encountered architectural barriers in the bathroom and seating area of California Pizza Kitchen that denied him access and full enjoyment of the restaurant. Plaintiff further claimed that he occasionally used "mobility aids," although there was no corresponding allegation in the Amended Complaint that he relied upon or used a mobility aid at the time of his visit to California Pizza Kitchen. These allegations are identical to those contained in the Plaintiff's suit in the instant action. (See, ECF No. 1 at Page ID 2, ¶9).

Defendant California Pizza Kitchen filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(h)(3), (12)(b)(1) and 12(b)(6). In the Opinion and Order granting Defendant's Motion to Dismiss, Judge Victoria Roberts found that Plaintiff lacked standing to bring a disability discrimination claim related to alleged architectural barriers because he did not require the use of a wheelchair, and otherwise did not include sufficient facts in his Amended Complaint detailing how the alleged barriers personally affected Plaintiff. (**Ex. B**- *Cohen v California Pizza Kitchen,* Case No. 18-cv-12080-VAR, 2019 WL 4189482 (E.D.Mich. Sept. 4, 2019). Judge Roberts further held that Plaintiff could not use his claimed status as an "ADA Tester" to satisfy the standing requirement when he would not have standing otherwise. *Id.* at \*5.

The Court's analysis in *Cohen v California Pizza Kitchen* is applicable the instant action when Plaintiff has relied upon the same allegations that the Court has previously found to be insufficient to establish standing. Plaintiff does not set forth facts to support a finding that he has suffered an injury in fact fairly traceable to the Defendant's conduct. Plaintiff only acts as a "tester," or a person that seeks out alleged violations that have no relationship to a claimed disability. As a result, Plaintiff's Complaint should be dismissed for lack of standing.

**B. Plaintiff lacks standing when he cannot establish that there is a reasonable likelihood that he will return to the Defendant's business.**

Plaintiff has also failed to sufficiently show a genuine intent to return to the Defendant's restaurant and, as such, he fails to allege a real and immediate threat of repeated injury. A Plaintiff that encounters architectural barriers at public accommodations only has standing to bring claims requesting injunctive relief if the Plaintiff shows a plausible intention or desire to return to the place but for the barriers to access. *Pickern v Holiday Quality Foods, Inc.,* 293 F.3d 1133, 1138 (9th Cir. 2002); *Shotz v Cates,* 256 F.3d 1077, 1081 (11th Cir. 2001). Intent to return to the place of injury "someday" is insufficient to support a claim. *Lujan,* 504 U.S. at 564, 112 S.Ct. 2130 ("[s]uch 'someday' intentions- without any description of concrete plans, or indeed even any specification of when the someday will be- do not support a finding of the 'actual or imminent' injury that our cases require.") Indeed, courts routinely reject vague and conclusory "plan of return" allegations and a past injury will not do. *City of Los Angeles v Lyons,* 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). See, *New v Luckly Brand Dungarees Stores, Inc.,* 51 F.Supp.3d 1284, 1285 (S.D.Fla. 2014) (dismissing complaint that did not contain any allegations that plaintiff frequently shopping at the Defendant's property); *Molski v Kahn Winery,* 405 F.Supp.2d 1160, 1163-64

21

(C.D.Cal. 2005) (one visit and lack of past patronage negates the possibility of future injury at Defendant's location); *Kennedy v Solano,* 735 F.Appx 653, 655-56 (11th Cir. 2018)(per curiam) (Plaintiff was not entitled to injunctive relief under the ADA when she lived 170 miles away from the Defendant-restaurant and only visited the Defendant's business once before filing suit); *Cohan v TMBC, LLC,* Case No. 18-1072-BAJ-EWD, 2019 WL 2169185 (M.D.La May 17, 2019) (finding that Plaintiff was not entitled to injunctive relief for alleged barriers at a Cabela's store located 800 miles from his home) (**Ex. D**).

Plaintiff does not allege any facts in his Complaint suggesting that he has a genuine, concrete plans to return to the Defendant's facility sufficient to establish standing. There is no plausible way that Plaintiff could assert these allegations in good faith: he lives 1,300 miles away. The barriers to accessibility at the Defendant's restaurant, assuming they exist, would not impact Plaintiff from this distance. Moreover, Plaintiff is unlikely to travel the 1,300 miles from Palm Beach, Florida to Livonia, Michigan for the purpose of dining at Defendant's restaurant. Plaintiff alleges in his Complaint that he visited Defendant's restaurant only twice prior to filing his Complaint. (ECF No. 1 at PageID 5, ¶ 25). Plaintiff's litigious history casts further doubt on his intent to return. *See, e.g., Strojnik v BW RRI II, LLC,* No. 20-cv-03142-AGT,

2020 WL 5210897, at *2 (N.D.Cal. Sept. 1, 2020) ("Given the volume of cases Strojnik has filed (numbering in the thousands according to the Arizona Bar), and his litigation practices, there is reason to doubt the veracity of his averment that he intends to visit the [defendant's hotel] after the hotel's accessibility barriers are removed. More likely is that he will try to obtain a monetary settlement and move on.") (**Ex. E**). Plaintiff's Complaint in this action only makes a single allegation that Plaintiff intends to return to the Defendant's premises in the future and this conclusory claim is insufficient to establish standing.

## <u>CONCLUSION AND REQUESTED RELIEF</u>

For the reasons set forth above, Defendant MGM Hospitality, Inc. respectfully request that this Honorable Court Grant its Motion to Dismiss, finding that Plaintiff Howard lacks standing to bring this action, and enter an Order Dismissing Plaintiff's Complaint with prejudice, in its entirety.

Respectfully submitted,

GARAN LUCOW MILLER, P.C.

/s/Courtney A. Krause
Courtney A. Krause
Attorney for Defendant
1155 Brewery Park Blvd. Ste 200
Detroit    MI    48207
(313) 446-5522
ckrause@garanlucow.com
P70581

Dated: February 4, 2021

23

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 4, 2021, I electronically filed Defendant's Motion to Dismiss, corresponding brief and exhibits with the Clerk of the Court using the ECF system, which will provide notice to all registered ECF participants.

Respectfully submitted,

GARAN LUCOW MILLER, P.C.

/s/Courtney A. Krause
Courtney A. Krause
Attorney for Defendant Avalon
1155 Brewery Park Blvd. Ste 200
Detroit    MI    48207
(313) 446-5522
ckrause@garanlucow.com
P70581

Dated: February 4, 2021