## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

HOWARD COHAN,

     Plaintiff,

v.

MGM HOSPITALITY, INC., a
Michigan corporation,

     Defendant.

_____ /

Case No. 2:20-cv-10981

Hon. Nancy G. Edmunds

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, through his undersigned counsel, files this response in opposition to Defendant's motion to dismiss under Federal Rules of Civil Procedure 12(c) and 12(h)(3).

The complaint states a claim for declaratory and injunctive relief under Title III of the American with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"). Plaintiff physically encountered discriminatory barriers at Defendant's restaurant on March 23, 2018, and again on May 21, 2019. (Pl.'s Compl.,  ¶ 25, ECF No. 1). Plaintiff stated that he would return and patronize Defendant's restaurant, but is deterred by Defendant's noncompliance with the Americans with Disabilities Act ("ADA"). (Pl.'s Compl., ¶ 14, ECF No. 1). To confer standing, a plaintiff has suffered an injury-in-fact if he is denied full and equal enjoyment due

1

to alleged barriers and ADA violations he encountered. *Mosley v. Kohl's Dept. Stores, Inc.*, 942 F.3d 752, 760 (6th Cir. 2019). A plaintiff is threatened with future harm if he sufficiently alleges a plausible intent to return. *Id.* at 757.

For these reasons, explained more fully in the brief filed herewith, Defendant's Motion to Dismiss should be denied. In support of this Response, Plaintiff relies on the law, facts, and arguments contained in the accompanying Brief in Support of Plaintiff's Response.

Respectfully Submitted,

BLACKMORE LAW PLC

/s/ Angela C. Spears

Angela C. Spears (P82653)
Blackmore Law PLC
21411 Civic Center Drive, Suite 200
Southfield, MI 48076
T: (248) 845-8594
F: (855) 744-4419
E: aspears@blackmore.law
*Counsel for Plaintiff*

Dated: February 25, 2021

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

HOWARD COHAN,

     Plaintiff,

v.

MGM HOSPITALITY, INC., a
Michigan corporation,

     Defendant.

_____ /

Case No. 2:20-cv-10981

Hon. Nancy G. Edmunds

## PLAINTIFF'S BRIEF IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS

## **TABLE OF CONTENTS**

TABLE OF CONTENTS............................................................................................ii

STATEMENT OF ISSUES PRESENTED...............................................................iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ..............................iv

INDEX OF AUTHORITIES.................................................................................... v

INTRODUCTION .................................................................................................... 1

FACTS ...................................................................................................................... 3

APPLICABLE LEGAL STANDARDS ................................................................... 4

ARGUMENT ............................................................................................................ 7

I.  Plaintiff has Standing to Seek Injunctive Relief from Defendant's Discriminatory Conduct because He Personally Encountered Barriers at Defendant's Facility............................................................................................. 7

A.  Plaintiff properly alleged injury-in-fact as required to show standing. ........ 8

i.    Plaintiff's legally protected interest to be free from discrimination is concrete and particularized………………………………………..9

ii.   Defendant's threat of future discrimination is actual and imminent...11

B.  There is a causal connection between the discrimination Plaintiff suffered and Defendant's failure to comply with Title III of the ADA. ......................... 13

CONCLUSION.................................................................................................... 13

## <u>STATEMENT OF ISSUES PRESENTED</u>

**I.**   Whether Defendant's motion to dismiss for lack of subject matter jurisdiction should be denied because Plaintiff's Complaint alleges that he has suffered concrete and particularized injury sufficient to confer standing to seek injunctive relief against Defendant.

Plaintiff Answers: YES

**II.**   Whether Defendant's motion to dismiss for lack of subject matter jurisdiction should be denied because the discriminatory barriers that exist at Defendant's restaurant relate to his disabilities, and therefore satisfy the injury in fact element of standing.

Plaintiff Answers: YES

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983)

*Gaylor v. Hamilton Crossing CMBS*,
    582 Fed. Appx. 576 (6th Cir. 2014)

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994)

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014)

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)

*Moir v. Greater Cleveland Regional Transit Authority*,
    895 F.2d 266 (6th Cir. 1990)

*Mosley v. Kohl's Dept. Stores, Inc.*,
    942 F.3d 752 (6th Cir. 2019)

*Parsons v. U.S. Dep.'t of Justice*,
    801 F.3d 701 (6th Cir. 2015)

*Scheuer v. Rhodes,*
    416 U.S. 232 (1974)

*Steel Co. v. Citizens for a Better Env't.*,
    523 U.S. 83 (1998)

*Trafficante v. Metro. Life Ins. Co.*,
    409 U.S. 205 (1972)

# INDEX OF AUTHORITIES

**Cases**

*American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534 (6th Cir. 2007) ................................................................................................................ 6

*Cartwright v. Garner*, 751 F.3d 752 (6th Cir. 2014) ................................................ 6

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) .................... 9

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) ................................................. 8, 9

*Daniels v. Arcade, L.P.*, 477 Fed. Appx. 125 (4th Cir. 2012) ................................ 12

*Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008) ........................................ 10

*Fiore v. City of Detroit*, No. 19-10853 (E.D. Mich. Aug. 21, 2019 ......................... 5

*Gaylor v. Hamilton Crossing CMBS*, 582 Fed. Appx. 576 (6th Cir. 2014) ............ 12

*Hudson v. Coleman*, 347 F.3d 138 (6th Cir. 2003) .................................................. 5

*Keen v. Helson*, 930 F.3d 799 (6th Cir. 2019) .......................................................... 5

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) .......................... 4

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014) ......... 5

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ..................................... 8, 9, 11

*Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266 (6th Cir. 1990) ................................................................................................................... 6

*Mosley v. Kohl's Dept. Stores, Inc.*, 942 F.3d 752 (6th Cir. 2019) ........... 2, 7, 11, 12

*Parsons v. U.S. Dep.'t of Justice*, 801 F.3d 701 (6th Cir. 2015) .............................. 7

*Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133 (9th Cir. 2002) ................ 13

*Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383 (6th Cir. 2007) ............................................................................................ 4

*Scheuer v. Rhodes,* 416 U.S. 232 (1974) .................................................... 6

*Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner Smith, Inc.*, 479 F.2d 478 (6th Cir. 1973) ............................................................................. 4

*Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83 (1998) .................................. 6

*Strojnik v. Vill. 1017 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB (S.D. Cal. June 16, 2020) ............................................................................ 10

*Tandy v. City of Wichita*, 380 F.3d 1277 (10th Cir. 2004) ...................................... 8

*Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205 (1972) ........................................ 10

*United States v. Ritchie*, 15 F.3d 592 (6th Cir. 1994) ............................................. 6

**Statutes**

28 U.S.C. § 1331 ......................................................................................... 5

28 U.S.C. § 1332(a) .................................................................................... 5

28 U.S.C. § 1343 ......................................................................................... 5

42 U.S.C. § 12188(a)(1) .............................................................................. 13

42 U.S.C. § 2000a-3(a) ............................................................................... 5

**Rules**

Rule 12(b)(1) ............................................................................................... 5, 6

Rule 12(c) ...................................................................................................... 4

Rule 12(h)(3) ................................................................................................. 4

## INTRODUCTION

Plaintiff Howard Cohan filed his Complaint against Defendant MGM Hospitality, Inc. on April 21, 2020. (Pl.'s Compl., ECF No. 1). Defendant filed its Answer to Plaintiff's Complaint on September 4, 2020. (Def.'s Answer, ECF No. 8). Defendant then filed a motion to dismiss on February 4, 2021. (Def.'s Motion to Dismiss, ECF No. 12).

Plaintiff is a resident of Palm Beach County, Florida. (Pl.'s Compl. ¶ 3, ECF. No. 1). Plaintiff is a person with numerous disabilities that severely affect his daily life. (Pl.'s Compl. ¶ 7, ECF No. 1). His compressed vertebrae causes radiating, debilitating pain, inflammation, and balance problems that limit his ability to walk and his range of motion. *Id.* Plaintiff's injuries are permanent and degenerative. (Pl.'s Compl. ¶ 9, ECF. No. 1).

Plaintiff travels to Michigan several times a year and intended to return between August 11 and 13, 2020. (Pl.'s Compl. ¶ 10, ECF. No. 1). Plaintiff admits that his travel plans for August 2020 were impacted by the global pandemic. Plaintiff has dined at Defendant's restaurant, Grand Tavern, and desires to patronize it. (Pl.'s Compl., ¶¶ 14 & 25, ECF No. 1). However, as a person with numerous disabilities, Plaintiff must also consider whether the amenities are safe for him to use. (Pl.'s Compl., ¶ 15, ECF No. 1). Unfortunately, Plaintiff

encountered barriers to access due to Defendant's non-compliance with the ADA during both of his visits. (Pl.'s Compl., ¶ 25, ECF. No. 1).

Defendant's motion to dismiss has no merit and is simply a strategy to avoid its obligations under the ADA. In all this time – five months to be exact – Defendant chose to challenge Plaintiff's standing by ignoring Sixth Circuit precedent. Under *Mosley*, a plaintiff has suffered an injury-in-fact if he was denied full and equal enjoyment due to alleged barriers and ADA violations he encountered. *Mosley v. Kohl's Dept. Stores, Inc.*, 942 F.3d 752, 757 (6th Cir. 2019). There also exists a threat of future injury if the plaintiff has sufficiently alleged a plausible intent to return. *Id.* at 760. Here, Plaintiff stated that he occasionally relies on the use of mobility aids. (Pl.'s Compl., ¶ 9, ECF. No. 1). Plaintiff's Complaint lists several architectural barriers in the restaurant's entrance, restaurant seating area, and bathroom that he encountered. (Pl.'s Compl., ¶ 25, ECF. No. 1). Plaintiff's Complaint also stated that he regularly travels to Michigan to visit friends and to shop, and had plans to return in August 2020. (Pl.'s Compl., ¶ 10, ECF. No. 1). His plans, however, were altered due to the ongoing pandemic. Plaintiff has already visited Defendant's restaurant twice before. (Pl.'s Compl. ¶ 25, ECF. No. 1). Plaintiff has sufficiently alleged facts to establish standing at this

stage of litigation. Therefore, the Court should deny Defendant's motion to dismiss.

## FACTS

Plaintiff visited Defendant's restaurant in Livonia, Michigan on March 23, 2018. (Pl.'s Compl., ¶ 25, ECF. No. 1). During that visit, Plaintiff encountered several barriers to access at the restaurant that aggravated his disability and denied him full and equal access and enjoyment of the services, goods, and amenities the restaurant offers non-disabled individuals. *Id.* Though disappointed, Plaintiff returned on May 21, 2019 only to find that Defendant had not remediated a single discriminatory barrier. *Id.* Plaintiff plans to return to the area and desires to patronize Grand Tavern, if Defendant removes the existing discriminatory barriers and modifies its policies and practices to accommodate individuals who have physical disabilities. (Pl.'s Compl., ¶ 14, ECF. No. 1).

The federal rules strongly favor allowing plaintiffs the opportunity to fully present their case, including factual and expert testimony, and not have the lawsuit short-circuited at the first stage of proceedings. Defendant has already issued discovery addressing its concern with Plaintiff's standing, which will be explored, after which Defendant could file a summary judgment motion. Defendant filed its

motion before the parties have completed discovery. Therefore, the Court should deny Defendant's motion to dismiss and permit this case to go forward.

## APPLICABLE LEGAL STANDARDS

Defendant seeks dismissal under Fed. R. Civ. P. 12(c) and 12(h)(3). Though not analyzed in Defendant's Motion, Plaintiff will address it for clarity purposes. Rule 12(c) allows a party to move for judgment on the pleadings after pleadings are closed. Motions for judgment on the pleadings are governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 389 (6th Cir. 2007). The court's review of a motion for judgment on the pleadings must take all well-pleaded material allegations of the pleadings of the nonmoving party as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973).

Rule 12(h)(3) preserves the court's obligation to dismiss any action over which it has no subject-matter jurisdiction. It is well-known that federal courts are courts of limited jurisdiction, meaning that this Court must have the authority or the power to consider and decide a given case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138,

141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). The court's authority can be established in two ways: either by diversity or by federal question. 28 U.S.C. § 1332(a); 28 U.S.C. § 1331. In *Foire v. City of Detroit*, the Honorable Laurie J. Michelson stated that a Rule 12(h)(3) motion is better analyzed as an issue of cause of action. *Fiore v. City of Detroit*, No. 19-10853 at *5 (E.D. Mich. Aug. 21, 2019) (citing *Keen v. Helson*, 930 F.3d 799, 802 (6th Cir. 2019)). (Exhibit A). The question is simply whether the plaintiff falls within the class of plaintiffs whom Congress has authorized to sue. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014). Plaintiff is a person with several disabilities. (Pl.'s Compl., ¶ 7, ECF. No. 1). Plaintiff suffered from a qualified disability under 28 C.F.R. 36.105. (Pl.'s Compl., ¶ 8, ECF. No. 1). Plaintiff brought his claim under the Americans with Disabilities Act. 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343. (Pl.'s Compl., ¶ 1, ECF. No. 1).

Although the Sixth Circuit has not explicitly declared that it analyzes Rule 12(h)(3) motions under the same standard as Rule 12(b)(1) motions, Plaintiff wishes to address Defendant's argument. Rule 12(b)(1) motions ask whether a plaintiff can bring his claims in a specific court. *American Telecom Co., L.L.C. v.*

5

*Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 101 (1998)). Plaintiff has the burden of proving jurisdiction where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1). *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

A Rule 12(b)(1) motion for lack of subject matter jurisdiction challenges either the sufficiency of the pleading itself (facial attack) or the factual disputes of subject matter jurisdiction (factual attack). *Cartwright v. Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). In a facial attack, the court takes the allegations of the complaint as true to determine whether the plaintiff has alleged a basis for subject matter jurisdiction. *Id.* In a factual attack, the court has broad discretion in what evidence it may consider. *Id.*

However, even with its wide discretion, American courts are still subject to the principle of *stare decisis* and the idea that like cases should be decided alike. Like the plaintiff in *Mosley*, Plaintiff pleaded past visits where barriers were encountered, stated a concrete plan to return, and accepting these facts as true, the standard in *Mosley* is satisfied. *See Mosley v. Kohl's Dept. Stores, Inc.*, 942 F.3d

752, 760 & 757 (6th Cir. 2019). For these reasons and those explained below, the Court should deny Defendant's motion in its entirety.

## ARGUMENT

Title III is a broad civil rights statute intended to remedy the problem of discrimination against people with disabilities. With almost 56.7 million people with disabilities in the U.S., many go about their day-to-day life regularly encountering architectural barriers and other discriminatory conduct at restaurants, stores, hotels, and other public places. However, few choose to voice their concerns and exercise their right to be free from such discrimination. Defendant is attempting to skirt its obligations under the decades-old ADA by attacking Plaintiff's motives because it cannot prevail on the merits.

**I.   Plaintiff has Standing to Seek Injunctive Relief from Defendant's Discriminatory Conduct because He Personally Encountered Barriers at Defendant's Facility.**

Article III of the United States Constitution requires a party to have standing to invoke the jurisdiction of the federal courts. *Parsons v. U.S. Dep.'t of Justice*, 801 F.3d 701, 710 (6th Cir. 2015). Article III requires a plaintiff to show "injury in fact, causation, and redressability." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Standing is an individual assessment of who can bring suit. *Parsons*, 801 F.3d at 710 (6th Cir. 2015). Here, Plaintiff suffered an injury-in-fact

7

caused by Defendant's discriminatory barriers and this Court has authority to redress the issue.

### A. Plaintiff properly alleged injury-in-fact as required to show standing.

Defendant contends that Plaintiff has not suffered an injury-in-fact. A plaintiff has suffered an injury-in-fact if he can prove "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual and imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (1992). The injury-in-fact analysis differs depending on whether the plaintiff seeks prospective or retrospective relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983). When prospective relief, such as an injunction, is sought, "the plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future." *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004). Prior injuries constitute "evidence bearing on whether there is a real and immediate threat of repeated injury."

### i. Plaintiff's legally protected interest to be free from discrimination is concrete and particularized.

An injury-in-fact is concrete and particularized if it affects the plaintiff in a personal and individual way. *Lujan*, 504 U.S. at 561 (1992). Where, as here, the

8

plaintiff seeks injunctive relief, the plaintiff must allege "continuing, present adverse effects stemming from the defendant's actions." *Lyons*, 461 U.S. at 102-03 (1983). A plaintiff experiences continuing adverse effects where a defendant's failure to comply with the ADA deters him from making use of the defendant's facility. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (en banc).

Defendant challenges whether the injury-in-fact was concrete and particularized based primarily on factually distinguishable, non-binding case law and Plaintiff's deposition testimony from almost six years ago about his degenerative disabilities. Plaintiff suffers from numerous disabilities including spinal stenosis of the lumbar spine with spondylolisthesis, full thickness right rotor cuff tear, and other disabilities relating to his cervical spine, knee, and thumb. (Pl.'s Compl., ¶ 7, ECF. No. 1). Plaintiff suffered from these qualifying disabilities at the time of his initial visit to Defendant's restaurant and prior to under the 28 C.F.R. 36.105. (Pl.'s Compl. ¶ 8, ECF. No. 1). Further, his condition is degenerative and requires occasional use of mobility aids to assist his movements. (Pl.'s Compl., ¶ 9, ECF. No. 1). The Complaint provides a detailed list of the ADA violations Plaintiff personally encountered during his visits to Defendant's restaurant. (Pl.'s Compl., ¶ 25, ECF. No. 1). Nonetheless, Defendant links this case

9

to one in which a court personally observed the plaintiff walk without the assistance of a mobility aid and concluded that there were insufficient facts to show he was disabled at the time of his *intended* visit to the area. *Strojnik v. Vill. 1017 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB *6 (S.D. Cal. June 16, 2020). (Exhibit B).

The Supreme Court encourages a broad view of constitutional standing in civil rights cases where, as under the ADA, private enforcement suits "are the primary method of obtaining compliance with the Act." *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972). Consequently, constitutional standing in ADA cases is not limited to only those barriers that the plaintiff encountered or about which he had personal knowledge. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008). The scope of standing in the ADA context extends to all barriers that would deter a person with the plaintiff's disabilities from patronizing the store, regardless of whether the plaintiff was personally confronted with those barriers. *Id.* at 1042.

In *Mosley*, the Circuit Court found that the defendant denied the plaintiff "full and equal enjoyment" due to the barriers and violations he encountered at the facility. *Mosley*, 942 F.3d at 757 (6th Cir. 2019). Similarly, Plaintiff alleged that he personally encountered architectural barriers in the restroom, bar area, and

10

restaurant seating area. (Pl.'s Compl., ¶ 25, ECF. No. 1). The Court should therefore find that Plaintiff has sufficiently alleged a concrete and particularized past injury.

### ii. Defendant's threat of future discrimination is actual and imminent.

A plaintiff's injury-in-fact cannot be conjectural or hypothetical. *Lujan*, 504 U.S. at 560 (1992). The elements of standing must be supported "with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 561. General factual allegations concerning the plaintiff's injury are sufficient because in evaluating a motion to dismiss at the pleading stage, courts "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Id.*

The court in *Mosley* also considered the pleading requirements to demonstrate threat of a future injury in a case brought under Title III of the ADA, finding that "a plaintiff demonstrates the requisite threat of future injury where he establishes (1) a plausible intent to return to the noncompliant accommodation or (2) that he would return, but is deterred from visiting the noncompliant accommodation because of the alleged accessibility barriers." *Mosley*, 942 F.3d at 757 (6th Cir. 2019) (citing *Gaylor v. Hamilton Crossing CMBS*, 582 Fed. Appx.

576, 580 (6th Cir. 2014)). Defendant's discriminatory barriers are ongoing, not just actual and imminent. Plaintiff's travel plans were not "someday intentions" as Defendant would suggest, but concrete plans to return between August 11 and 13, 2020 that were altered because of the ongoing global pandemic. (Pl.'s Compl., ¶ 10 ECF. No. 1).

Plaintiff's allegations show a plausible intent to return. Plaintiff (1) attempted to utilize the services, facilities, privileges, advantages, and accommodations at the Grand Tavern restaurant in Livonia, MI; (2) would return for said utilization if the discriminatory barriers were removed; (3) has a reason to be in the area of the restaurants; and (4) wants to patronize the restaurant when he is in the area, but cannot due to the barriers. These allegations are a plausible basis for standing considering that discovery has not yet been completed. *Daniels v. Arcade, L.P.*, 477 Fed. Appx. 125, 129 (4th Cir. 2012).

Moreover, "when a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the 'futile gesture' of attempting to gain access in order to show actual injury." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002) (quoting 42 U.S.C. § 12188(a)(1)). "So long as the discriminatory conditions continue, and so long as a

plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Id.* at 1137.

> **B. There is a causal connection between the discrimination Plaintiff suffered and Defendant's failure to comply with Title III of the ADA.**

It is easily determinable that Plaintiff's inability to enjoy equal access to Defendant's restaurant is directly traceable to Defendant's refusal to remove architectural barriers. Defendant's restaurant is a place of public accommodation covered by Title III of the ADA. (Pl.'s Compl. ¶¶ 21 & 22, ECF No. 1). Plaintiff encountered discriminatory barriers on his visit to Defendant's restaurant in Livonia, MI on March 23, 2018 and May 21, 2019. (Pl.'s Compl. ¶ 25, ECF No. 1). But for Defendant's noncompliance with the ADA, Plaintiff would not have been harmed. Therefore, there is a causal connection between the harm Plaintiff experienced and Defendant's conduct.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss.

Respectfully submitted,

BLACKMORE LAW PLC
/s/ Angela C. Spears
Angela C. Spears (P82653)
BLACKMORE LAW PLC
21411 Civic Center Drive, Suite 200
Southfield, MI 48076
T: (248) 845-8594
E: aspears@blackmore.law
*Counsel for Plaintiff*

Dated: February 25, 2021

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 25, 2021, I caused to have electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this matter.

Respectfully Submitted,

<u>/s/ Angela C. Spears</u>
Angela C. Spears