UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD COHAN,
         Plaintiff,　　　　　　　　　　　Case No. 20-cv-10981

v.　　　　　　　　　　　　　　　　　　Honorable Nancy G. Edmunds

MGM HOSPITALITY, INC.,

         Defendant.
_____/

**OPINION AND ORDER DENYING MOTION TO DISMISS [12]**

Plaintiff Howard Cohan filed this action against Defendant MGM Hospitality, Inc. seeking injunctive and declaratory relief to remedy the alleged discrimination by Defendant based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36. Presently before the Court is Defendants' Motion to Dismiss. For the reasons that follow, the Court DENIES Defendants' Motion to Dismiss.

**I.　　Factual Background**

Plaintiff is a disabled person and a self-proclaimed ADA tester who resides in Palm Beach County, Florida. (ECF No. 1.) According to the complaint, Plaintiff regularly travels to Michigan to visit friends and shop and did so on March 23, 2018 and then again on May 21, 2019. (*Id.*) On those dates, Plaintiff alleges he visited Defendant's restaurant where, due to his degenerative condition and occasional use of mobility aids, he personally encountered architectural barriers that denied him full and equal access to and enjoyment of Defendant's facility and its services. (*Id.*) Plaintiff states that he plans to

1

return to Defendant's restaurant and would have returned in August of 2020 but for the coronavirus pandemic. (*Id.*; ECF No. 15.)

Defendant raises doubt as to whether the allegations in the complaint are true; it questions whether Plaintiff actually visited its establishment and encountered the alleged barriers personally. According to a "nationwide search for civil cases filed under the [ADA]," Defendant states that Plaintiff has filed 2,390 lawsuits in federal courts across the country alleging discrimination in violation of the ADA. (ECF No. 12, PageID.58.) This includes suits against at least 17 southeastern Michigan businesses that Plaintiff alleges he visited during the week of March 20, 2018, alone. (*Id.*) Thus, Defendant notes that if all Plaintiff's allegations are true in each of his cases, he patronized nine retail establishments, seven hotels, and seven restaurants over the course of a four-day visit. (*Id.* at PageID.59.) Defendant also suggests that Plaintiff does not use a wheelchair and attaches a deposition transcript from 2015 wherein Plaintiff admits he has only used a wheelchair for surgeries. (*See* ECF No. 12-1.) Accordingly, Defendant suggests Plaintiff was not actually denied full and equal access to the goods and services Defendant offers to non-disabled individuals. (ECF No. 12, PageID.61.)

## II.     Legal Standard

In the present motion, Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(h)(3)[1] which authorizes the court to dismiss an action "at any time" for lack of subject-matter jurisdiction. A motion to dismiss brought under Rule 12(h)(3) is analyzed in the same manner as a motion to dismiss brought under Rule

---

[1] Defendant states it brings the current motion pursuant to Federal Rules of Civil Procedure 12(c) and 12(h)(3) but makes no argument with regard to Rule 12(c), which allows for a motion for judgment on the pleadings. Accordingly, the Court will consider the motion as one brought solely under Rule 12(h)(3).

2

12(b)(1). *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.3d 874, 879 n.3 (3rd Cir. 1992). The distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party. *Id.*

The Eleventh Circuit Court of Appeals has noted "it is extremely difficult to dismiss a claim for lack of subject matter jurisdiction." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260 (11th Cir. 1997). Nonetheless, a defendant who wishes to challenge jurisdiction may do so by bringing a facial or a factual challenge.

> A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party. A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (internal citations omitted) (emphasis in the original).

The present motion involves a factual and not a facial attack. Where a court must determine its jurisdiction pursuant to a factual attack, the court has "wide discretion" and may consider affidavits and documents or hold a limited evidentiary hearing to resolve disputed jurisdictional facts. *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990)).

## III.    Analysis

Federal courts have only the power authorized by Article III of the United States Constitution and the statutes enacted by Congress pursuant thereto. *Bender v.*

3

*Williamsport Area School District,* 475 U.S. 534, 541 (1986). As a result, a plaintiff must have constitutional standing in order for a federal court to have jurisdiction. *Id.* To establish Article III standing, a plaintiff must have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Defendant asks the Court to consider its motion as a factual attack on jurisdiction given Plaintiff's alleged lack of standing. (ECF No. 12, PageID.64.)

"When a factual attack, also known as a 'speaking motion,' raises a factual controversy, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co.,* 922 F.2d at 325. "But a district court engages in a factual inquiry regarding the complaint's allegations only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim." *Id.* (citing *Garcia*, 104 F.3d at 1261). If an element of the cause of action is implicated by the attack on subject-matter jurisdiction, "the district court should '*find that jurisdiction exists* and deal with the objection as a direct attack on the merits of the plaintiff's claim.' " *Ibid.* (emphasis in the original). "This provides a 'greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . .or Rule 56 . . . both of which place greater restrictions on the district court's discretion.' " *Ibid.*; *see also Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981) ("[t]he Supreme Court has made it clear that . . . no purpose is served by indirectly arguing the merits in the context of

4

federal jurisdiction. . . . [j]udicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits.")

Defendant's factual attack on jurisdiction asks the Court to determine the truth or falsity of Plaintiff's claims that (1) his disability requires the use of a wheelchair; and (2) Plaintiff personally encountered barriers at Defendant's restaurant that caused him to suffer an injury-in-fact fairly traceable to Defendant's conduct. In support of its arguments, Defendant relies primarily on *Cohan v. California Pizza Kitchen, Inc.*, No. 18-cv-12080-VAR, 2019 WL 4189482, at *1 (E.D. Mich. Sept. 4, 2019), another of Plaintiff's ADA suits filed in this district. In that case, Judge Victoria Roberts found that Plaintiff lacked standing to bring a disability discrimination claim related to alleged architectural barriers because he conceded he did not use a wheelchair and otherwise did not assert sufficient facts in his Amended Complaint to detail how the alleged barriers personally affected him. (*Id*. at *4.)

Unlike in *Cohan*, where the defendant sought a dismissal on the merits through a 12(b)(6) motion to dismiss, defendant here seeks a ruling regarding a procedural defect where the Court is given wide latitude to decide questions of fact normally reserved for a jury. "Motions to dismiss under 12(b)(6) for failure to state a claim generally are distinct, procedurally and substantively, from motions to dismiss [for lack of subject-matter jurisdiction]." *Ohio Nat'l Life Ins. Co.,* 922 F.2d at 325. Notably, when a court considers a 12(b)(6) motion, the plaintiff is given the safeguard that his allegations are accepted as true. *Id.* Moreover, when a party files a motion to dismiss under 12(b)(6), the district court is instructed to treat the motion as one for summary judgment and determine that no

5

genuine issue of material fact exists if either party submits additional materials outside the pleadings. *Id.*

The Court cannot make the determinations that Defendant seeks without addressing facts related to the merits of Plaintiff's claims and weighing the relevant evidence. This is improper when the sole question before the Court relates to jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682 (1945) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. . . . [f]or it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction."); *Gentek Bldg. Prod.*, 491 F.3d at 330; *Garcia*, 104 F.3d at 1260. Additionally, it is unclear how deposition testimony from 2015 soundly establishes that Plaintiff did not use a wheelchair on March 23, 2018 and May 21, 2019. (*Id.*) Finally, the parties have not discussed the ADA standards applicable to Defendant's restaurant or the requirements Plaintiff must meet to state a claim for relief under the specific sections of the ADA he cites. As such, Defendant's Rule 12(h)(3) motion is not the proper vehicle for its arguments and is therefore DENIED.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss without prejudice to those arguments being raised in Rule 56 motion, if appropriate.

SO ORDERED.

                                         s/Nancy G. Edmunds
                                         Nancy G. Edmunds
                                         United States District Judge

Dated: September 30, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2021, by electronic and/or ordinary mail.

                             <u>s/Lisa Bartlett</u>
                             Case Manager