UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD COHAN,

    Plaintiff,

v.

MGM HOSPITALITY, INC.,

    Defendant.

_____/

Case No. 20-cv-10981

Honorable Nancy G. Edmunds

**OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT [17] [23]**

Florida resident and Plaintiff, Howard Cohan, filed this action seeking declaratory and injunctive relief under Title III of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12181 *et seq.* (ECF No. 1.) Plaintiff accuses Defendant MGM Hospitality, Inc., operating as the Grand Tavern restaurant in Livonia, Michigan, of having architectural barriers to wheelchair accessibility throughout the premises that deny him full and equal access to the restaurant. *Id.* Defendant contends that Plaintiff, who is an "ADA tester" having filed nearly 3,000 similar cases against stores and restaurants across the country, does not have standing to challenge ADA wheelchair accessibility standards as he does not use a wheelchair and did not require the use of mobility aids when he visited Defendant's premises on March 23, 2018 and May 21, 2019. (ECF No. 23, PageID.343.) The matter is now before the Court on fully briefed cross motions for summary judgment. (ECF Nos. 17, 19, 21, 23, 25, 26.) Having reviewed the briefing, the Court finds a hearing on the motions is not necessary. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 23) is GRANTED and Plaintiff's Motion for Summary Judgment (ECF No. 17) is DENIED AS MOOT.

1

I.   **Background**

Plaintiff Howard Cohan is a resident of Palm Beach County, Florida and a self-proclaimed ADA "tester" who visits businesses across the country to inspect their premises for noncompliance with ADA standards. ECF No. 1, PageID.3-4. He asserts in a declaration that he suffers from degenerative spinal stenosis of the lumbar and cervical spine as well as several injuries and other conditions—a non-union fracture and labral tear in his left shoulder, a full thickness tear in his right rotor cuff, a meniscal tear in his right knee, and arthritis in his thumb. ECF No. 17-2, PageID.184. A bilateral meniscal tear in his left knee and his ACL have been repaired. *Id.* These conditions cause Plaintiff pain and inhibit his mobility requiring him to occasionally use mobility aids, although he does not currently use a wheelchair. *Id.*; ECF No. 23-3, PageID.395-96.

On March 23, 2018, and again on May 21, 2019, Plaintiff visited Defendant's restaurant in Livonia, Michigan. ECF No. 17-2, PageID.185-86. He was alone on each visit, did not use a wheelchair or any other type of mobility aid, and was able to enter and exit the premises without any assistance. ECF No. 23-2, PageID.382; ECF No. 23-3, PageID.395. Nevertheless, he states he "personally encountered architectural barriers" that had the potential to affect his disabilities.[1] ECF No. 1, PageID.5. He also experienced pain when opening the restroom door which he attributes to the door being "too heavy." ECF No. 17-2, PageID.186. Plaintiff states he would return to Defendant's restaurant again if the identified

---

[1] In a written declaration, Plaintiff identified a number of things in Defendant's restaurant that had the potential to cause him difficulty or discomfort: the position of the toilet and the toilet paper dispenser "would have" required him to overextend his shoulder, the placement of items above the sidewall grab bar "make it dangerous" for him, the position of the rear wall grab bar "makes it" difficult to get on and off the toilet, the height of the sink "would require" him to bend over, a broken toilet seat "is dangerous," counter height chairs at the bar area would aggravate his injuries, the bar area "requires him to climb two steps" and table seating is at "tables which have an improper base." ECF No. 17-2, PageID.185-86.

2

barriers were remediated and provides that he regularly returns to all facilities he has sued to ensure repairs are made. *Id.*, PageID.187.

Defendant disagrees with Plaintiff's assessment of the alleged barriers and argues it is in full compliance with the applicable ADA standards. Defendant opened its restaurant in 2017 and did not make any changes to the design, layout, construction or planning of the space which had previously been used as another restaurant. ECF No. 23-1, PageID.368-69. According to Defendant, the same goods and services are available to customers at accessible tables within the same area as the bar counters, as permitted by the ADA standards. ECF No. 17-3, PageID.202. Defendant also states that its contractor "ensured the grab bars are in the proper position." *Id.*, PageID.196. The contractor additionally "adjusted the automatic door opener on the restroom doors, ensured that the countertop in the men's restroom was level, and adjusted the toilet paper dispensers." ECF No. 17-4, PageID.216. Furthermore, Defendant provides that its restaurant contains the required amount of accessible seating and that the sink top in the restroom complies with ADA requirements for height. ECF No. 17-3, PageID.203-05.

Defendant also notes the lack of evidence in the record to support Plaintiff's claimed encounters with barriers to accessibility given that Plaintiff does not use a wheelchair and did not use a wheelchair or any mobility aids when he visited Defendant's restaurant. ECF No. 23, PageID.342-44. Further, Defendant notes that Plaintiff does not have any medical records or other documents tending to suggest that he requires the occasional use of mobility aids to assist his movement as he claims. *Id.*, PageID.345-46. This lack of evidence, Defendant argues, precludes Plaintiff from bringing the present case due to lack of standing. ECF No. 23, PageID.351.

## II. Legal Standards

### A. Summary Judgment

"Summary judgment is proper only if the moving party shows that the record does not reveal a 'genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Benison v. Ross*, 765 F.3d 649, 658 (6th Cir. 2014) (quoting FED. R. CIV. P. 56(a)). A genuine issue of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)).

In addition, once the moving party has met its burden, the non-moving party must make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Bormuth v. Cty. of Jackson*, 870 F.3d 494, 503 (6th Cir. 2017). The non-moving party must present some evidence in support of its complaint to defeat a motion for summary judgment and show that a genuine issue for trial exists— *i.e.*, that a reasonable jury could return a verdict for the non-moving party. *See Anderson*, 477 U.S. at 248.

## III. Analysis

Before a court can address parties' arguments on the merits, it must address a party's concern regarding standing. *See T.H.E. Ins. Co. v. Naghtin*, 916 F.2d 1082, 1084 (6th Cir. 1990) ("Standing is a threshold inquiry which we must consider prior to reaching the merits of [a case]"). In order to satisfy Article III standing, Plaintiff must show that (1) he "suffered

4

an injury-in-fact that is concrete and particularized, and actual or imminent, not conjectural or hypothetical," (2) a causal connection between the injury and the challenged conduct, that is, "the injury is fairly traceable to the challenged action of the defendant," and (3) that there is a likelihood "the injury will be redressed by a favorable decision." *Mosley v. Kohl's Depart. Stores, Inc.*, 942 F.3d 752, 756 (6th Cir. 2019) (quoting *Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 579 (6th Cir. 2014); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)) (quotation marks omitted).

### 1.     Plaintiff Has Not Suffered An Injury-In-Fact

Defendant argues that Plaintiff has not suffered an injury-in-fact and therefore does not have standing to challenge the ADA's wheelchair accessibility standards. ECF No. 23, PageID.351. The Court agrees. First, the Court notes that Plaintiff cannot establish an injury-in-fact for any aspects of Defendant's restaurant that had the potential to cause him difficulty or discomfort when there was no associated "concrete" or "actual" injury. *See Mosley*, 942 F.3d at 756. For example, Plaintiff states "the position of the toilet *would have* required me to overextend my shoulder while getting on and off the toilet because the grab bars are further away than required." ECF No. 17-2, PageID.185. He further provides "[t]he placing of elements above the side wall grab bar make it dangerous for me *in the event I need to quickly grab the bar . . .*" *Id.* These statements are insufficient to show any injury and thus cannot provide a basis to sue. *See Cohan v. LVJ, Inc.*, No. 20-CV-10979, 2021 WL 5564744, at *2 (E.D. Mich. Nov. 29, 2021) (finding identical statements made by this Plaintiff in another lawsuit did not demonstrate that Plaintiff suffered an injury-in-fact).

Additionally, Plaintiff does not have standing to sue for violations unrelated to his disability. *See Chapman v. Pier1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc) (finding that "once a disabled plaintiff has encountered a barrier violating the ADA,

5

'that plaintiff will have a personal stake in the outcome of the controversy' so long as his or her suit is limited to barriers related to that person's particular disability.'") (quoting *Doran v. 7–Eleven, Inc.,* 524 F.3d 1034, 1044 (9th Cir.2008)). In *Cohan v. California Pizza Kitchen, Inc.*, another lawsuit brought by Plaintiff in this district, the court stated:

> Cohan concedes he does not use a wheelchair and was not using one when he visited CPK. His complaint challenges only wheelchair specific ADA regulations and so he fails to show how the barriers at CPK affect his disability, particularly by causing safety concerns and unnecessary pain.
>
> Since the barriers identified in the complaint would only impact access to a disabled person in a wheelchair, and not Cohan, he fails to show an "injury in fact," that is actual or imminent, and not conjectural or hypothetical.

*Cohan v. California Pizza Kitchen, Inc.*, No. 18-CV-12080-VAR, 2019 WL 4189482, at *3 (E.D. Mich. Sept. 4, 2019) (Roberts, J.).

Here too, Plaintiff concedes he does not use a wheelchair and was not using one when he visited Defendant's restaurant. ECF No. 23-3, PageID.395-96. And like in *California Pizza Kitchen*, Plaintiff challenges only wheelchair-specific ADA regulations. *See* ECF No. 1.

Thus, Plaintiff has not established the required "injury-in-fact that is concrete and particularized, and actual or imminent, not conjectural or hypothetical." *Mosley*, 942 F.3d at 756. *See also Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000) (finding that a blind plaintiff was not "'among the injured' with regard to ADA violations in [a] building that do not affect the blind"); *Lewis v. Casey,* 518 U.S. 343, 358 & n. 6, (1996) (considering only remedies that would redress limitation experienced by plaintiff).

    2.    *Plaintiff Has Not Established A Causal Connection Between His Claimed Injury and the Challenged Conduct*

Even if Plaintiff had shown an injury-in-fact, he still cannot establish standing as he has not established a causal connection "fairly traceable" to an aspect of Defendant's

6

restaurant that violates the ADA. *Mosley*, 942 F.3d at 756. The lone evidence in the record that supports Plaintiff experienced any injury is the alleged pain he experienced when opening the restroom door. ECF No. 17-2, PageID.186. Plaintiff's complaint alleges the door was too heavy in violation of §§ 404, 404.1, 404.2, 404.2.9 and 309.4 of the ADA standards, ECF No. 1, PageID.5, but he provides no evidence to support this conclusion. Defendant states that its contractor "adjusted the automatic door opener on the restroom doors," ECF No. 17-4, PageID.216, but an "adjustment" alone does not constitute evidence of a violation. Moreover, Plaintiff fails to describe how the door allegedly caused his pain or which of his disabilities this allegedly affected. For these reasons and because Plaintiff did not rely on a wheelchair during his visits, the barriers Plaintiff alleges exist in his complaint are not causally connected to his alleged injuries. *See Cohan v. California Pizza Kitchen, Inc.*, 2019 WL 4189482, at *4.

### 3. *Where There is No Injury, There is No Redressability*

The final factor courts consider when determining if a plaintiff has standing to sue is whether there is a likelihood "the injury will be redressed by a favorable decision." *Mosley* 942 F.3d at 756. Defendant argues that its restaurant is fully ADA compliant and took an additional step of having its contractor verify the measurements and levels of various features of the restroom and dining space. Even if the restaurant was not fully compliant, however, because Plaintiff has failed to show an injury, there can be no redressability.

Accordingly, the Court finds that Plaintiff does not have standing to bring this lawsuit.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment and dismisses this case for lack of standing. Plaintiff's Motion for Summary Judgment is therefore **DENIED AS MOOT.**

**SO ORDERED.**

                                                s/Nancy G. Edmunds
                                                Nancy G. Edmunds
                                                United States District Judge

Dated: March 23, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 23, 2022, by electronic and/or ordinary mail.

                                                s/Lisa Bartlett
                                                Lisa Bartlett
                                                Case Manager